FILED

2013 MAR 19  AM 10: 29

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRSTIN MORRISON, on behalf of herself and all others similarly situated; and ROES 1 through 100, inclusive,<br><br>    Plaintiff,<br>vs.<br><br>TRIVITA, INC., an Arizona corporation; and DOES 1 through 100, inclusive,<br><br>    Defendant. | CASE NO. 12-CV-1387 BEN (BLM)<br><br>**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[ECF No. 12] |

Presently before the Court is Defendant TriVita Inc.'s Motion to Dismiss Plaintiff Kirsten Morrison's First Amended Complaint ("FAC"). (Mot. to Dismiss, ECF No. 12.) Morrison contends that a wellness drink sold by TriVita is more snake oil than miracle tonic. She has sued on behalf of herself and others over allegedly false and misleading claims about the product's health benefits. TriVita moves to dismiss on the grounds that Morrison (1) lacks constitutional and statutory standing, and (2) fails to state with the requisite particularity the circumstances constituting fraud. For the reasons set out below, TriVita's motion to dismiss is **DENIED**.

//

## BACKGROUND

In May 2012, Morrison filed a putative class action complaint in San Diego Superior Court. In June 2012, TriVita removed the case here. (Not. of Removal, ECF No. 1.) TriVita moved to dismiss the Complaint for failure to state a claim. (ECF No. 6.) Before the Court could resolve that motion, Morrison amended the Complaint, rendering TriVita's motion moot. (FAC, ECF No. 10.) In August 2012, TriVita moved to dismiss the FAC. (Mot. to Dismiss, ECF No. 12.) Morrison filed an Opposition. (Oppo., ECF No. 13.) TriVita filed a Reply. (Reply, ECF No. 14.) The Court took the matter under submission and now resolves the motion pursuant to Civil Local Rule 7.1.d.1.

Morrison alleges the following. TriVita is an Arizona corporation that makes and sells Nopalea, a liquid dietary supplement purportedly derived from a cactus. (FAC. ¶¶ 1, 8, 12.) Through aggressive advertising on television and the Internet, TriVita has sold more than 4 million bottles at $40 per bottle. (*Id.* ¶¶ 1, 8, 13-14.)

TriVita pitches Nopalea as a wonder product—an "amazing, natural, anti-inflammatory solution," and an "astonishing breakthrough wellness drink that helps your body experience an optimal state of wellness." (*Id.* ¶ 1.) TriVita claims that Nopalea is "guaranteed" to eliminate "inflammation," relieve and reduce pain, improve breathing, improve circulation, "drain away toxins," reduce swelling in joints and muscles, cure skin problems, "dramatically" improve energy levels, improve mobility, and "promote healing." (*Id.*) TriVita claims Nopalea will help "every distressing condition that humans suffer . . . for example: allergies, asthma, migraines, Parkinson's Disease, Alzheimer's Disease, and a host of life-threatening conditions." (*Id.*) Further, the company suggests Nopalea is recommended by doctors. (*Id.* ¶¶ 26-27.) For example, TriVita has used the name and picture of "Dr. Brazos Minshew," its chief science officer, in "printed promotional materials," when Mr. Minshew is not a medical doctor. (*Id.*)

Morrison alleges the she saw and relied on TriVita's "deceptive Nopalea

promises," including a late-night television infomercial featuring testimonials about how Nopalea addressed things like: "chronic pain," "chronic inflammation," "ankylosing spondylitis," "facet arthritis," "fibromyalgia;" "fatigue," and "mental drain." (*Id.* ¶¶ 3, 20-24, 36.) Morrison alleges that she purchased $101 worth of Nopalea in February 2012. (*Id.* ¶¶ 3, 36.) The drink provided none of the advertised benefits. (*Id.* ¶¶ 36.)

Morrison alleges that she suffered economic injury. She seeks redress for violations of: (1) Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, et seq.; (2) Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, et seq.; (3) False Advertising Law ("FAL"), California Business and Professions Code § 17500, et seq.; (4) breach of express warranty; and (5) breach of implied warranty. For simplicity, the Court follows TriVita's lead and refers to the first three causes of actions as the "unfair competition claims" and the remaining two as the "warranty claims."

## DISCUSSION

### I. Standing

At issue is Morrison's standing to bring this case. The main thrust of TriVita's motion is that Morrison did not purchase Nopalea, despite allegations to the contrary. TriVita contends that this fact leaves her without constitutional and statutory standing to assert her claims.

The appropriate vehicle for challenging constitutional standing is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). The appropriate vehicle for challenging statutory standing is a motion to dismiss under Rule 12(b)(6). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067-1068 (9th Cir. 2011).

#### A. Constitutional Standing

A federal court must dismiss a case if it lacks subject matter jurisdiction. The party asserting a claim has the burden of proving that subject matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Constitutional standing is a core component of federal court jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Cetacean Community v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit."). To establish Article III standing, a party must show that it has "suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury can be traced to the challenged action and is likely to be redressed by a favorable decision." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (citations and internal quotation marks omitted). In the class action context, "if the representative parties do not have standing, the class does not have standing." *Cornett v. Donovan*, 51 F.3d 894, 897 n.2 (9th Cir. 1995). "The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

There are two types of challenges under Rule 12(b)(1): "facial" and "factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

In resolving a facial attack, the district court's review is limited to the allegations in the complaint. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010). "A district court must accept as true all material allegations in the complaint, and must construe the complaint in the nonmovant's favor." *Id.* at 1121. In resolving a factual attack, a court "may review evidence

beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039. No presumption of truthfulness attaches to the plaintiff's allegations in a factual challenge, but the Ninth Circuit has cautioned that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley Gasoline, Inc. v. Ernst Enters.*, 711 F.2d 138, 139 (9th Cir. 1983) (quoting *Augustine*, 704 F.2d at 1077). In such cases, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine*, 704 F.2d at 1077.

Here, Morrison alleges that she purchased Nopalea. TriVita disputes the truthfulness of that assertion. TriVita's jurisdictional challenge is factual, not facial.

In support of its motion, TriVita submits a declaration from Daniel Silverman, its attorney in this case. Silverman declares that opposing counsel, Derrick Coleman, provided him with the order number for Morrison's alleged purchase, but when TriVita looked that number up in its system, it found the name "James Murphy," not Morrison. (Silverman Decl. ¶¶ 4-5.) TriVita also submits the order form, which lists "James Murphy" in both the "SHIP TO:" and "BILL TO:" fields, as well as an e-mail from Coleman, who explained to Silverman that Murphy was Morrison's live-in boyfriend and that Morrison used Murphy's credit card to make the purchase. (Henderson Decl., Ex. A; Silverman Decl., Ex. A).

In reply, Morrison relies on the allegations in the FAC that she purchased Nopalea, as well as the accompanying declaration in which she states: "I purchase[d] the Nopalea product at issue in this action while in San Diego County[.]" (Morrison Decl., FAC, Ex. B.) She argues that TriVita's use of her attorney's e-mail is inappropriate because it is a privileged statement made during compromise negotiations about the claim.

Because the issue of standing is sufficiently intertwined with the merits of Morrison's claims, the Court declines to dismiss the FAC at this juncture. Ultimately, Morrison must prove injury as a substantive matter. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011) (a UCL or FAL plaintiff must show pecuniary loss); *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 638 (2009) (a CLRA plaintiff must show that "he or she has been damaged by an unlawful practice.") Although TriVita's evidence does suggest that someone else's credit card may have been used to purchase Nopalea, it does not show that Morrison was not party to the sale. TriVita points to no authority (and the Court is aware of none) suggesting that a consumer who uses someone else's credit card to purchase goods can never suffer economic injury. The Court is reluctant to presume that is the case, particularly without knowing more about the circumstances of the transaction and Morrison's relationship to the card holder. For now, the Court assumes Article III standing.

### B. Statutory standing

TriVita urges dismissal on statutory standing grounds as well, although the underlying premise is the same. Specifically, TriVita claims that Morrison's failure to purchase Nopalea is fatal to the the UCL, FAL, and CLRA because they require the plaintiff to have suffered injury, and it is fatal to the warranty claims because Morrison cannot state an essential element, namely contractual privity.

Statutory "standing, unlike constitutional standing, is not jurisdictional." *Noel v. Hall*, 568 F.3d 743, 748 (9th Cir. 2009). Thus, a challenge to statutory standing is properly viewed as a 12(b)(6) motion, which is generally confined to the contents of the complaint. *See Maya*, 658 F.3d at 1067; *Vaughn v. Bay Envtl. Mgmt.*, 567 F.3d 1021, 1024 (9th Cir. 2009). In resolving a motion brought under Rule 12(b)(6), the Court accepts all well-pleaded allegations of material fact as true and construes them in a light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). A complaint

that fails to state a plausible claim for relief on its face will be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The UCL, FAL and CLRA all require a plaintiff to allege a legally cognizable injury. Under the UCL, a plaintiff must allege that he or she "has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Similarly, under the FAL, a plaintiff must suffer an "injury in fact and [have] lost money or property[.]" *Id.* § 17535. Under the CLRA, a plaintiff must suffer "any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by [the CLRA]." Cal. Civ. Code § 1780(a).

As before, TriVita contends that there was no injury because Morrison "did not purchase the Nopalea she alleges she consumed." But Morrison alleges that she did. Specifically, she alleges that she "saw and relied on Defendant's deceptive promises when she purchased Nopalea and . . . lost money as a result." (FAC ¶ 3.) She alleges that she "would not have bought Nopalea from the Defendant but for the representations the Defendant made as to Nopalea's effectiveness, safety, and other qualities. (*Id.* ¶ 7.) She alleges that she spent $101 on Nopalea. (*Id.* ¶ 36.) Further, she states in a declaration: "I purchase[d] the Nopalea product at issue in this action while in San Diego County[.]" (Morrison Decl., FAC, Ex. B.) On a motion to dismiss, the court accepts these allegations as true. Accordingly, the Court will not dismiss the unfair competition claims on statutory standing grounds. For the same reason, the Court declines to dismiss the warranty claims for want of privity.

## II.     Federal Rule of Civil Procedure 9(b)

Finally, TriVita asserts that Morrison fails to satisfy the heightened pleading standards of Federal Rule of Civil Procedure Rule 9(b) for her unfair competition claims. Morrison's allegations are deficient, TriVita argues, because she fails to specify what specific statements *she* relied on in purchasing Nopalea, or when *she* saw, read, or was exposed to any of TriVita's purported advertisements. Morrison

counters that, even if Rule 9(b) applies, the allegations in the FAC suffice.

Rule 9(b) requires pleadings to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Simply put, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The rule applies both to federal and state law causes of action. *Id.* at 1103. When claims under California's CLRA, UCL, and FAL are based on a manufacturer's alleged misrepresentations about a product's characteristics, those claims sound in fraud and Rule 9(b) applies. *Pirozzi v. Apple Inc.*, 12-CV-01529 YGR, 2012 WL 6652453, at *6 (N.D. Cal. Dec. 20, 2012) (*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009)).

Rule 9(b) applies in this case, but even so, the allegations suffice. The FAC provides specific examples of allegedly deceptive statements by TriVita regarding the health benefits of Nopalea. (FAC ¶ 1.) It identifies specific testimonials posted on TriVita's website on a particular date (*Id.* ¶ 19) and describes one television infomercial, in particular, that made similar claims (*Id.* ¶¶ 21-22). Morrison alleges that she was "exposed to, saw, and relied on Defendant's bold claims about Nopalea's purported benefits, including the late-night television infomercial[.]" (*Id.* ¶ 36.) Although Morrison does not specifically state which statements she found material to her decision to purchase Nopalea, that omission is not fatal because the promotional materials conveyed a common allegedly fraudulent message (namely, that Nopalea is a cure-all). *See In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, ML 12-2317 CAS JEMx, 2012 WL 6062047, at *15 (C.D. Cal. Dec. 3, 2012) ("By identifying a clear common message in the advertising campaign and identifying numerous examples that repeat this message, plaintiffs have adequately notified defendants of the 'who, what, when, where and how of the misconduct charged.'" (quoting *Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir.2011)).

Although the question is close, the Court concludes that these allegations provide TriVita with adequate notice to allow it to defend Morrison's charge. *See Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973) ("[Rule 9(b)] only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.")  TriVita's motion to dismiss for failure to satisfy Rule 9(b) is denied.

## CONCLUSION

For the reasons stated above, TriVita, Inc.'s Motion to Dismiss the First Amended Complaint is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 8, 2013

HON. ROGER T. BENITEZ
United States District Court Judge